UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIE JARVIS, | Civil Action No. 14-7766 (FLW) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| HENRY GLIOTTONE, et al., | |
| Defendants. | |

## I.      INTRODUCTION

This Matter having been opened by Defendants' motion to dismiss Plaintiff's Complaint with Prejudice against the Honorable Philip A. Borow, J.M.C. on the basis of judicial immunity. (ECF No. 5.)  Plaintiff, proceeding *pro se*, has filed his opposition (ECF No. 11), and Defendants' thereafter filed a letter memorandum in reply. (ECF No. 10.)  For the reasons explained herein, the Court grants Defendants' motion to dismiss with prejudice the Complaint against Judge Borow.

## II.     FACTUAL BACKGROUND

The Court recounts only those facts relevant to the instant motion to dismiss.  Plaintiff's section 1983 claims against Judge Borow arise from Judge Borow's alleged role in issuing the warrant that resulted in Plaintiff's arrest.  In his Second Amended Complaint,[1] submitted on

---

[1] Plaintiff appears to have amended his Complaint once prior to removal.  (ECF No. 1, Notice of Removal at ¶ 3.)  After Defendants removed the case to federal court, Plaintiff filed a motion to amend his Complaint, (ECF No. 18), which was granted on May 18, 2015.  (ECF No. 27). Plaintiff's Second Amended Complaint was filed on June 22, 2015.  (ECF No. 34.) Defendants note in their moving papers that Plaintiff's initial Complaints do not mention Judge Borow specifically and merely list him as a Defendant in the caption.  (ECF No. 5, Br. at 1.) The Court,

February 25, 2015, Plaintiff alleges the following regarding Judge Borow's participation in the alleged violation of his rights:

> [Judge] Philip Borow affirmed the arrest over a telephone without investigating physical evidence and verbal, written, or recorded statements from an alleged victim in his presence. Philip [A]. Borow['s] signature is found to be present on the CDR2 complaint warrants determining probable cause 5 days after the arrest.

(ECF No. 34, Second Am. Compl. at 5; *see also* Second. Am. Compl. at 7 (same).)

In his First Amended Complaint, Plaintiff asks for damages in the amount of 15.5 million dollars and "relief of an injunction against all police agencies in the State of [New Jersey] against retaliation and a restraining order because I fear for life and liberties." (ECF No. 1-1, at 14.) In his Second Amended Complaint, Plaintiff appears to refer to his First Amended Complaint and states the following about the relief he is seeking: "The Plaintiff sought an injunction and declaratory relief, compensation, punitive damages, redress, and admonishment – the officers violated custom and usage." (ECF No. 34, at 8.) Neither Amended Complaint, however, requests injunctive or declaratory relief against Judge Borow.

## III. ANALYSIS

Plaintiff has sued Judge Borow for signing the warrant for Plaintiff's arrest over the phone, allegedly without first investigating the allegations or requiring the presence of the victim. It is well settled, however, that judges are absolutely immunized from a civil rights suit for money damages arising from their judicial acts. *Mireles v. Waco*, 502 U.S. 9, 9, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (per curiam); *Stump v. Sparkman*, 435 U.S. 349, 356–57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *Kwasnik v. Leblon*, 228 F. App'x 238, 243 (3d Cir. 2007) ("A

---

however, assesses the allegations against Judge Borow as stated more specifically Plaintiff's Second Amended Complaint.

2

judicial officer in the performance of his or her duties has absolute immunity from suit.  A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction." *Stump*, 435 U.S. at 357 (citations omitted).  Absolute immunity for judicial acts applies equally to municipal court judges.  *See, e.g.*, *Figueroa v. Blackburn*, 208 F.3d 435 (3d Cir. 2000).

There are only two circumstances in which a plaintiff can overcome judicial immunity: "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity.  Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11–12 (internal citations omitted).  In determining whether judicial immunity applies, the court "must decide whether the Complaint set forth allegations that, taken as true, establish that the application of an exception to the doctrine of absolute judicial immunity is above the speculative level." *Kirkland v. DiLeo*, 581 F. App'x 111, 114–15 (3d Cir. 2014) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

Judicial immunity also specifically applies to judicial errors in issuing warrants. *See, e.g., Johnson v. Provenzano*, No. 12-1253, 2014 WL 7011545, at *4 n.3 (D.N.J. Dec. 11, 2014); *Wolchesky v. Beckenstein*, No. 15-1721, 2015 WL 2250485, at *5 (D.N.J. May 13, 2015).  Thus even if the issuance of the warrant by Judge Borow was later found to be improper or in error, those rulings would not give rise to civil liability since judicial immunity applies to all judicial

rulings, even those that are later determined to be mistaken.[2]  *See Gallas v. Supreme Court of Pennsylvania.*, 211 F.3d 760, 769 (3d Cir. 2005).

Here, Plaintiff's allegations against Judge Borow arise from his issuance of an arrest warrant, which is plainly a judicial act, and Judge Borow is entitled to absolute immunity for that conduct in an action for damages.[3]  The Court notes that Judge Borow also appears to have been acting pursuant to the New Jersey Rules Governing Criminal Practice.  *See* N.J. Ct. R. 3:2-3(b) ("A judge may issue an arrest warrant on sworn oral testimony of a law enforcement applicant who is not physically present.  Such testimony may be communicated to the applicant to the judge by telephone, radio or other means of electronic communication.").  Because Judge Borow has absolute immunity for the judicial acts described in Plaintiff's Complaint, the Court dismisses with prejudice the Complaint against Judge Borow.

### IV. CONCLUSION

For the reasons described herein, the Complaint is dismissed with prejudice as to Judge Borow.  An appropriate Order follows.

　　　　　　　　　　　　　　　　　　　　　　　　　_/s Freda L. Wolfson_____
　　　　　　　　　　　　　　　　　　　　　　　　　Freda L. Wolfson, U.S.D.J.

Date:  __August 6_____, 2015

---

[2] In his opposition brief, but not in his Complaint, Plaintiff contends that Judge Borow show[ed] favoritism" toward the arresting officers in issuing the warrant. (ECF No. 11, at 1.)  Even if Plaintiff alleged that Judge Borow acted with an improper motive, such allegations would not defeat judicial immunity for judicial acts.  Allegations that actions were undertaken with an improper motive diminishes neither their character as judicial actions nor the judge's immunity. *See Forrester v. White*, 484 U.S. 219, 227 (1988).

[3] Plaintiff's First and Second Amended Complaint do not seek injunctive or declaratory relief against Judge Borow.