UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIE JARVIS, | Civil Action No. 14-7766 FLW-DEA |
| Plaintiff, | |
| v. | ORDER |
| HENRY GLIOTTONE, et al. | |
| Defendants. | |

**ARPERT, United States Magistrate Judge**

This matter comes before the Court on Plaintiff's Letter Application to Strike Defendants' Answer. ECF No. 88. Defendants oppose the Application. ECF No. 91. The Court has fully reviewed the submissions of the parties and considers same without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons stated below, Plaintiff's Letter Application to Strike Defendants' Answer is denied.

## I. BACKGROUND

The facts of the litigation are well known to the Parties and were laid out fully in the November 14, 2017 Opinion of U.S. District Judge Freda L. Wolfson. Briefly, Plaintiff is a prisoner who contends his Fourth Amendment and 42 U.S.C. § 1983 rights were violated by a warrantless search and arrest carried out by Defendant New Brunswick police officers Kevin Conway and Vincent Monaghan. ECF No. 68.

As to Plaintiff's Application, Plaintiff contends Defendants' Answer should be struck because Defendants failed to comply with Rules 33(b)(2), 34(2)(A) and 36(a)(3) of the Federal Rules of Civil Procedure. ECF No. 88. Each governs various discovery issues and timelines. Plaintiff argues that because Defendants failed to comply with the timeframes prescribed by

1

these rules, the Court should strike Defendants' Answer to the Complaint. Id. Plaintiff does not say on what authority the Court can grant his request.

Defendants concede they missed certain discovery deadlines but contend that all relevant discovery has since been produced to Plaintiff. *See* Def. Letter Dated December 3, 2018 at ECF No. 91 at p.1. As a result, Defendants say, Plaintiff has not been prejudiced by the untimely production. Id. Defendants' counsel further accepts personal responsibility for this discovery issue, stating that "the delay was due to my actions and not those of my clients." Id. More specifically, counsel states that "this singular delay was caused by my own personal circumstances." Id.

More substantively, Defendants urge denial of Plaintiff's request because it was made improperly, as a letter application rather than as a motion pursuant to L.Civ.R. 16.1(g). Id. at pp.1-2. Finally, Defendants contend:

> "[T]he extreme sanction of dismissal, or striking an Answer, is not warranted here where the Plaintiff has been provided all requested and available discovery, where the Plaintiff had all of the essential discovery in his possession from the associated criminal matter already, where Defendants' delay in providing formal discovery responses was due only to their counsel's…personal circumstances, and where there has been a complete lack of contentious conduct or prejudice." Id. at pp.2-3.

II. **LEGAL STANDARD**

The Court begins its inquiry pursuant to Fed. R. Civ. P. 37, which provides for sanctions due to a failure to obey discovery orders. This rule states that if a party "fails to obey an order to provide or permit discovery…the court where the action is pending may issue further just orders." R. 37(b)(2)(A). The Rule provides that just orders "may include the following: (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the

2

disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part." Id. Pursuant to this rule, a Court "may sanction a lawyer or a litigant for failure to obey any order to provide or permit discovery." Wachtel v. Health Net, Inc., 239 F.R.D. 81, 99 (D.N.J. 2006). The "purpose of this rule is to: (1) penalize the culpable party or attorney; (2) deter others from engaging in similar conduct; (3) compensate the court and other parties for the expense caused by the abusive conduct; and (4) compel discovery and disclosure." Id.

As set out in Wachtel, when asked to "sanction a party by depriving that party of the right to proceed with or defend against a claim, the court applies the analysis established in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir.1984). Wachtel, 239 F.R.D. at 101; *see also* Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1148 (3d Cir.1990); Hoxworth v. Blinder, Robinson & Co., Inc., 980 F.2d 912, 919 (3d Cir.1992). "Under Poulis, a court considers:

> (1) the extent of the party's personal responsibility;
> (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;
> (3) a history of dilatoriness;
> (4) whether the conduct of the party or the attorney was willful or in bad faith;
> (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and
> (6) the meritoriousness of the claim or defense."
> Id.; *see also* Poulis, 747 F.2d at 868.

### III. DISCUSSION

In the instant matter, it is clear Defendants violated this Court's discovery order. The Court's Scheduling Order of March 8, 2018 provided a June 1, 2018 deadline for the completion of fact discovery. ECF No. 75. By letter dated May 22, 2018, Plaintiff informed the Court that Defendants were not in compliance with Fed. R. Civ. P. 33 and 34 because Defendants had "exceeded the time rule in which the Plaintiff had demanded the documents for discovery to be

3

produced dated April 13, 2018…and demanded answers to interrogatories post dated April 16, 2018." ECF No. 77. Plaintiff further stated that he brought this issue to the attention of Defendants' counsel by letter dated May 17, 2018. Id. Plaintiff informed the Court by letter dated June 9, 2018 that Defendants still had not produced the requested discovery. ECF No. 79. By letter dated June 19, 2018, Plaintiff sought leave of the Court to file a motion to compel, citing the continuing failure of Defendants to produce requested discovery. ECF No. 81. In a letter dated October 9, 2018, Plaintiff stated he had written Defendants' counsel on July 15, 2018 to renew his request for the production of discovery. ECF No. 82. In that letter, Plaintiff also informed the Court that he had received no answer to his letter to Counsel nor had he received any of the requested discovery. Id. It was not until a letter to the Court dated November 2, 2018 that Defendants' counsel explained that the delay in producing discovery stemmed from an illness in her family dating to late April 2018. ECF No. 83. Counsel did say the requested discovery had been produced, though Counsel did not state when that had happened. Id. Thus, it is clear not only that Defendants failed to obey the Scheduling Order of this Court, but that Defendants acknowledge same.

The Court next turns its inquiry to the Poulis factors. "Not all six factors are necessary for the entry of default." Wachtel, 239 F.R.D. at 101. "Poulis requires the District Court only to balance the six factors and does not set one factor forth as determinative." First Franklin Fin. Corp. v. Rainbow Mortg. Corp., 2010 WL 4923341 at *7 (D.N.J.2010); *see also* Chiarulli v. Taylor, 2010 WL 1371944 at *4 (D.N.J.2010). "Poulis does not provide a magic formula in which the decision to enter sanctions becomes a mechanical calculation." First Franklin, 2010 WL 4923341 at *4; *see also* Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir.1992).

To begin, the Court is not persuaded by Defendants' argument that the instant letter application ought to be dismissed on procedural grounds. It is, after all, well established that "courts must treat *pro se* litigants with latitude." Herlihy v. Trans-Union Corp., No. CIV.A 07-5828(HAA), 2009 WL 44747, at *2 (D.N.J. Jan. 5, 2009) (*citing* Haines v. Kerner, 404 U.S. 519, 520 (1972).

Nevertheless, the Court is cognizant that in the Third Circuit, "[e]ntry of default is generally disfavored" and there is a "strong preference that cases be decided on the merits." Ruhle v. Hous. Auth. of City of Pittsburgh, 54 Fed. Appx. 61, 62 n. 1 (3d Cir. 2002); *see also* Medunic v. Lederer, 533 F.2d 891, 893–94 (3d Cir.1976). "Default is an extreme sanction that must be reserved for instances in which it is justly merited." Wachtel, 239 F.R.D. at 101; *see also* Poulis, 747 F.2d at 867–68, 869–70; Harris v. City of Philadelphia, 47 F.3d 1311, 1331 (3d Cir.1995). Reckitt Benckiser Inc. v. Tris Pharma, Inc., No. CIV.A. 09-3125 FLW, 2011 WL 4962221, at *7 (D.N.J. Oct. 18, 2011).

Although the Court expresses some concern at the fact that Defendants' counsel did not communicate her personal circumstances to either Plaintiff or the Court until November 2, 2018, the Court's examination of this discovery dispute through the prism of the Poulis factors concludes that the sanction of striking Defendants' answer is not merited.

The Court is persuaded, for instance, by counsel's argument that the fault lies with her office, meaning Defendants bear little personal responsibility for the failure to timely respond to Plaintiff's discovery requests. And while counsel shoulders the blame, the Court finds that neither she nor Defendants have a history of dilatoriness, nor does the Court find that counsel's conduct was willful or in bad faith. Finally, any prejudice resulting from the late production of discovery as to, for instance, Defendants' pending Motion for Summary Judgment can be

rectified by altering the briefing schedule to give Plaintiff additional time to review the discovery in view of that Motion. Indeed, by letter dated December 7, 2018, Plaintiff requested exactly that, though Plaintiff filed his opposition to the Motion on November 28, 2018. ECF No. 88.

Thus, consideration of a majority of the Poulis factors weighs against a Rule 37 sanction. As stated above, the "purpose of this rule is to: (1) penalize the culpable party or attorney; (2) deter others from engaging in similar conduct; (3) compensate the court and other parties for the expense caused by the abusive conduct; and (4) compel discovery and disclosure." Wachtel, 239 F.R.D. at 99. Here, the requested discovery already has been produced, and the discovery period has been completed. There is, then, no further need to compel discovery. Also, Plaintiff has not provided details of any expenses borne because of the delay, and the Court assumes that, as Plaintiff is a pro se litigant and a prisoner, any expense caused by the delay axiomatically would be minimal. Lastly, at this stage of the litigation, the Court does not deem it necessary to issue a sanction solely to deter others from engaging in similar conduct nor penalize an attorney who has accepted responsibility for her error.

### IV. CONCLUSION AND ORDER

Accordingly, the Court having fully reviewed the submissions of the parties and considered same without oral argument pursuant to Fed. R. Civ. P. 78, and for the reasons set forth above:

**IT IS** on this of 17th day of December 2018,

**ORDERED** that Plaintiff's Letter Application to Strike Defendants' Answer [ECF No. 88] is **DENIED;** and it is

**FURTHER ORDERED** that Plaintiff has leave to submit within 21 days of this Order a supplement to his Opposition to Defendants' Motion for Summary Judgment; and it is

**FURTHER ORDERED** that Defendants will have leave to submit within seven (7) days of Plaintiff's filing of a supplemental opposition their reply brief; and it is

**FURTHER ORDERED** that the Clerk shall mail a copy of this Memorandum and Order to Plaintiff at his address of record within five days of the entry hereof.

/s/ Douglas E. Arpert<br>
DOUGLAS E. ARPERT<br>
United States Magistrate Judge